UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS I. GAGE, *pro se*,
    Plaintiff,
  v.
SOMERSET COUNTY, *et al.*,
    Defendants.

Civil Action No. 18-272 (CKK)

**MEMORANDUM OPINION**
(March 28, 2019)

    Plaintiff Thomas I. Gage, who is proceeding *pro se*, has moved for default judgment against all the remaining Defendants,[1] whom he identifies as "City of Watchung (WPD)," "Christopher S. Porrino (former NJDAG)," "Michael C. Schutta (Det. of SCPO)," "Geoffrey D. Soriano (former SCPO)," "SOMERSET COUNTY (Law enforcement)," and "SOMERSET COUNTY JAIL." In the interest of judicial economy, the Court shall refer to the individuals by their last names or collectively as "State Officials," and to the entities as "Watchung," "Somerset County," and "Somerset County Jail," respectively.

    State Official Defendants have in turn moved to vacate the entry of default against them and to dismiss this case. The Court has also received and docketed letters expressing the views of Defendants Watchung, Somerset County, and Somerset County Jail.

    Upon consideration of the briefing,[2] the relevant legal authorities, and the record as a whole, the Court **DENIES** Plaintiff's [13] Motion for Default Judgment Against Defendants,

---

[1] The Court has dismissed all claims against Defendant Jay B. Bohn for improper venue. Mem. Op., ECF No. 17.

[2] The Court's consideration has focused on the following documents:

- Pl.'s Mot. for Default J. Against Defs., ECF No. 13 ("Pl.'s Mot.");
- Opp'n to Default Involving Def. "Watchung," ECF No. 14 ("Watchung Opp'n");

1

**GRANTS** Defendants Porrino's, Schutta's, and Soriano's [18][18-1] Motion to Vacate Default, and **GRANTS as to venue and DENIES WITHOUT PREJUDICE** Defendants Porrino's, Schutta's, and Soriano's [18][18-1] Motion to Dismiss Plaintiff's Complaint raising additional arguments pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

In an exercise of its discretion, the Court shall vacate the entry of default as to Defendants Porrino, Schutta, Soriano, Watchung, Somerset County, and Somerset County Jail, and, rather than dismiss all claims against them, shall, in the interest of justice, transfer this case *sua sponte* to the U.S. District Court for the District of New Jersey where venue is appropriate.

## I. BACKGROUND

The Court shall recite only those few allegations in the [1] Complaint that are necessary to the resolution of this matter. In tandem, the Court shall summarize the relevant proceedings in this case.

Plaintiff filed this suit on February 2, 2018, against a number of public entities and current or former officials in New Jersey, as well as a private attorney. Plaintiff's thirty-eight count Complaint pursues a variety of causes of action under federal and New Jersey law that allegedly

---

- Br. in Supp. of Mot. to Vacate Entry of Default Pursuant to Fed. R. Civ. P. 55(c) and to Dismiss Pl.'s Compl. with Prejudice Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on Behalf of Defs. Christopher S. Porrino, Geoffrey D. Soriano, and Detective Michael C. Schutta, ECF No. 18-2 ("State Officials' Br.");
- Resp. to Min. Order of Aug. 21, 2018, and Opp'n to [18] Mot. to Set Aside Default and to Dismiss Filed by Defs. Soriano, Porrino and Schutta, ECF No. 24 ("Pl.'s Resp. & Opp'n");
- Reply Br. in Further Supp. of Mot. to Vacate Entry of Default Pursuant to Fed. R. Civ. P. 55(c) and to Dismiss Pl.'s Compl. with Prejudice Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on Behalf of Defs. Christopher S. Porrino, Geoffrey D. Soriano, and Detective Michael C. Schutta, ECF No. 26 ("State Officials' Reply"); and
- Opp'n to Default Involving "Somerset County" and "Somerset County Jail," ECF No. 28 ("Somerset Opp'n").

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

"arose from an attempt of Plaintiff to expose fraudulent documents that have been used on August 8, 2011, to steal Plaintiff's private property at: 51 Hillcrest Blvd, Warren, NJ." Compl., ECF No. 1, ¶ 3. The Complaint is not a model of clarity. As best the Court can discern, however, Plaintiff objects to an alleged series of actions purportedly stemming from his opposition to a real estate development called Sleepy Hollow in Warren, NJ. *See id.* ¶¶ 4, 5, 31-56. Those actions appear to consist, in the main, of alleged false arrest, false imprisonment, and malicious prosecution. *See, e.g.*, *id.* ¶ 31.

On February 20, 2018, the one Defendant who is a private attorney, Jay B. Bohn, filed a motion to dismiss the claims against him. Although Defendant Bohn raised several grounds for dismissal, the Court determined that Rule 12(b)(3) was sufficient and granted his motion on August 21, 2018, due to improper venue. Mem. Op., *Gage v. Somerset Cty.*, 322 F. Supp. 3d 53 (D.D.C. 2018), ECF No. 17.

None of the Defendants that are public entities and officials, on the other hand, initially appeared in this action. When Defendants did not answer or otherwise respond to Plaintiff's purported service of the Complaint, Plaintiff requested entry of default, which the Clerk entered on March 19, 2018. *See* Pl. Thomas I. Gage's Proof of Service of Summons and Compl. to Defs., ECF No. 8; Aff. in Supp. of Default, ECF No. 10; Default, ECF Nos. 10, 11. Even before the Clerk entered that default, Plaintiff had moved for entry of default judgment on March 14, 2018. Pl.'s Mot. Only upon entry of default did the Court begin to hear from the public entities and officials.

On behalf of the apparently misidentified "City of Watchung," counsel to the Borough of Watchung, "a municipal corporation of the State of New Jersey," sent the Court a letter dated March 23, 2018, that objected to the entry of default and raised jurisdictional and other bars to this

lawsuit. Watchung Opp'n at 1. The Court construed this letter—which indicates that a copy was sent to Plaintiff—as an opposition to a default involving defendant "Watchung" and placed it on the record. *Id.* at 1-2. The letter suggested, *inter alia*, that Plaintiff had not properly effected service on this Defendant. *Id.* Accordingly, the Court ordered Plaintiff to "1) show cause as to whether he has properly served Defendant Watchung, or 2) cause process to be properly served upon Defendant Watchung and proof of service to be filed with the Court, or establish good cause for the failure to do so." 2d Min. Order of Aug. 21, 2018. The Court also instructed Plaintiff to show cause as to why his claims against this Defendant, as well as the other defaulting Defendants, should not be dismissed for improper venue as the Court had done for claims against Defendant Bohn. *Id.* The Court construed Plaintiff's subsequent briefing as an attempt to respond to both show-cause orders. *See* Pl.'s Resp. & Opp'n at i.

On August 22, 2018, the State of New Jersey's Office of Attorney General filed a motion to vacate the entry of default against Defendants Porrino, Schutta, and Soriano, and to dismiss the claims against them. Mot. to Vacate Default and to Dismiss Pl.'s Compl. *with Prejudice* Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on Behalf of Defs. Christopher S. Porrino, Geoffrey D. Soriano, and Det. Michael C. Schutta, ECF Nos. 18, 18-1. Upon receiving this motion, the Court instructed Plaintiff that in lieu of showing cause why venue should lie against these State Official Defendants—as the Court had the previous day ordered—Plaintiff should simply respond to their motion, which would give him an opportunity to address their improper venue arguments. Order, ECF No. 19. The Court has since received Plaintiff's opposition, as well as a reply from the State Official Defendants. Pl.'s Resp. & Opp'n; State Officials' Reply.

As part of his response to the Court's show-cause order about improper venue, Plaintiff purported to address venue as to Defendants Somerset County and Somerset County Jail. *See* Pl.'s

Resp. & Opp'n at i.  The Court eventually received a letter, dated February 5, 2019, from counsel to the County of Somerset and the Somerset County Jail arguing that Plaintiff had not shown venue to be proper.  Somerset Opp'n at 2.  As it had with the Borough of Watchung, the Court interpreted this letter as an opposition to a default involving "Somerset County" and "Somerset County Jail" and allowed its filing on the docket.  *Id.* at 1.  Although this letter indicates that a copy was sent to Plaintiff, Plaintiff has not filed a response with the Court, nor does the Court see any need to prompt such a response.

Briefing having concluded, the pending motions are ripe for resolution.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 55(c)

"Default judgments are generally disfavored by courts, because entering and enforcing judgments as a penalty for delays in filing is often contrary to the fair administration of justice." *Int'l Painters & Allied Trades Union & Indus. Pension Fund v. H.W. Ellis Painting Co., Inc.*, 288 F. Supp. 2d 22, 25 (D.D.C. 2003) ("*Int'l Painters*") (citing *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980)).  Consistent with this preference for deciding cases on the merits, even before reaching default judgment the court may vacate the entry of default based on the lower standard of simply "good cause."  Fed. R. Civ. P. 55(c); *see also Jackson*, 636 F.2d at 835.  "Though the decision [to set aside an entry of default] lies within the discretion of the trial court, exercise of that discretion entails consideration of whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 373 (D.C. Cir. 1980) (citations omitted); *see also Gilmore v. Palestinian Interim Self-Gov't Auth.*, 843 F.3d 958, 965-66 (D.C. Cir. 2016).  "On a motion for relief from the entry of a default or a default judgment, all doubts are resolved in favor of the party seeking relief."  *Jackson*, 636 F.2d at 836.

### B. Federal Rule of Civil Procedure 12(b)(3)

The federal statute governing venue provides that "[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1), (2). Only "if there is no district in which an action may otherwise be brought as provided in" Section 1391 may the plaintiff pursue his claims in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *Id.* § 1391(b)(3).

When presented with a motion to dismiss for improper venue under Rule 12(b)(3), the Court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor and resolves any factual conflicts in the plaintiff's favor." *James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 11 (D.D.C. 2009). "The court, however, need not accept the plaintiff's legal conclusions as true." *Id.* "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." *Varma v. Gutierrez*, 421 F. Supp. 2d 110, 113 (D.D.C. 2006) (quoting *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003)) (internal quotation marks omitted). "However, if the plaintiff is proceeding *pro se*, the factual allegations contained in [his] complaint should be held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 n.2 (D.C. Cir. 2000)).[3] "Unless there are pertinent factual disputes to resolve, a challenge to

---

[3] Some courts place the burden on the defendant, or at least use language suggesting as much. *See, e.g., Khalil v. L–3 Commc'ns Titan Grp.*, 656 F. Supp. 2d 134, 135 (D.D.C. 2009) ("To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue." (quoting *James*, 639 F. Supp. 2d at 11) (internal quotation marks

venue presents a pure question of law." *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Before dismissing a case for want of proper venue, a district court should consider whether the "interest of justice" standard warrants transfer.  *See Dugdale v. Ditech Fin., LLC*, No. 17-7137, 2018 WL 1391724, at *1 (D.C. Cir. Feb. 21, 2018) (per curiam) (citing 28 U.S.C. § 1406(a); *Hayes v. Livermont*, 279 F.2d 818, 818 (D.C. Cir. 1960) (per curiam)).

> If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of [Section] 1406(a), recognized that "the interest of justice" may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as "time-consuming and justice-defeating technicalities."

*Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962) (quoting, respectively, 28 U.S.C. § 1406(a); *Internatio-Rotterdam, Inc. v. Thomsen*, 218 F.2d 514, 517 (4th Cir. 1955)).  "The decision whether a transfer or a dismissal is in the interest of justice, however, rests within the sound discretion of the district court."  *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983).

### III. DISCUSSION

In light of Plaintiff's litigation history, which the Court shall discuss below, the Court shall reach only the threshold non-merits issues of vacatur of default and dismissal or transfer due to improper venue.  It is well recognized that "courts may address certain nonjurisdictional, threshold issues before examining jurisdictional questions."  *Kaplan v. Central Bank of the Islamic Republic*

---

omitted)); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure Civil* § 1352 (3d ed.) (noting the split, and maintaining that those courts placing burden on plaintiff appear to adopt "correct" view).  Whether this Court formally places the burden with Plaintiff or Defendants, however, the Court finds that the outcome would be the same.

7

*of Iran*, 896 F.3d 501, 513 (D.C. Cir. 2018) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999); *Tenet v. Doe*, 544 U.S. 1, 6 n.4 (2005)).  But courts may do so "only if [a given issue] can occasion a '[d]ismissal short of reaching the merits.'"  *Id.* (quoting *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007)) (second alteration in original) (identifying some threshold questions as abstention, forum non conveniens, and third-party standing).  For an example of when such disposition is acceptable, the Supreme Court has indicated that "[a] district court . . . may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant."  *Sinochem Int'l Co. Ltd.*, 549 U.S. at 432.

The Court finds a need to address the default and venue questions first due to Plaintiff's abuse of the federal court system.  To reach the jurisdictional issues raised in the briefing would undercut the U.S. District Court for the District of New Jersey's injunctions against any further lawsuits by Plaintiff, proceeding *pro se*, concerning these or similar allegations.  Moreover, that federal district court already has addressed subject-matter jurisdiction over some variation of these claims.  Accordingly, upon finding that vacatur of default is warranted, the Court shall, in the interest of justice, transfer this case *sua sponte* from an improper venue to the proper venue, which has experience with these allegations and has issued filing injunctions to prevent certain cases like this one.

### A. Motion to Vacate Default

Of the remaining Defendants, only State Official Defendants have appeared in this action and moved to vacate entry of default.  However, the Court also considers the reasons to vacate default by Defendants Watchung, Somerset County, and Somerset County Jail that they raise in their respective letter briefing.

Under the first of the *Keegel* factors, the Court considers whether the remaining Defendants' failure to appear before entry of default was "willful." *Keegel*, 627 F.2d at 373. Defendant Watchung argues that it was not properly served prior to entry of default, and the other Defendants raise logistical and/or financial difficulties with appearing in this jurisdiction. *See* Watchung Opp'n at 1-2; State Officials' Br. at 14-15 (indicating that improper venue of this action required counsel, New Jersey Attorney General's Office, to research the necessity of *pro hac vice* appearance and to make arrangements for electronic filing in this jurisdiction); Somerset Opp'n at 2 (identifying unfamiliarity with this jurisdiction's legal market and the expense of sponsorship as hurdles to *pro hac vice* appearance). But ultimately State Official Defendants did appear—quite belatedly so. And Defendants Watchung, Somerset County, and Somerset County Jail still have not appeared, despite realizing a need to express their views by letter briefing. *See, e.g.*, Somerset Opp'n at 3 (requesting that Court determine whether venue proper). Defendants' responses to this litigation have been sub-par.

The Court does not fault Defendants, however, where their difficulties appearing here are closely linked to another *Keegel* factor, namely the merit of their defenses. *See Keegel*, 627 F.2d at 373; *cf. Gilmore*, 843 F.3d at 965 (noting that the Circuit "has never held that when a defendant has been 'essentially unresponsive,' courts are *forbidden* from vacating defaults"). As the Court shall discuss below, the Court need reach only one of those defenses, improper venue, which the Court readily finds to be meritorious.

As for the final *Keegel* factor, the prejudice to Plaintiff, the Court cannot discern any such prejudice from vacatur of the entries of default. *See Keegel*, 627 F.2d at 373. The only conceivable would-be prejudice is delay in adjudication, but "delay in and of itself does not constitute prejudice" in this context. *Int'l Painters*, 288 F. Supp. 2d at 31 (quoting *KPS & Assocs., Inc. v.*

9

*Designs by FMC, Inc.*, 318 F.3d 1, 15 (1st Cir. 2003)) (internal quotation marks omitted).  It is the effects of a delay, such as the potential to lose evidence, that could render the delay prejudicial.  *KPS & Assocs., Inc.*, 318 F.3d at 15.  But because the Court shall now consider the pending motion to dismiss and find that transfer is necessary, the Court determines that any adverse effect of that delay is minimal.

On the basis of the respective motion and letter briefing, and in an exercise of its discretion, the Court finds good cause to vacate the default as to each of the remaining Defendants.  Because the Court vacates the entry of default, the Court shall deny Plaintiff's motion for default judgment.

### B.  Motion to Dismiss

In the body of their motion to dismiss, State Official Defendants urge dismissal pursuant to Rule 12(b)(3), as well as Rule 12(b)(1) and other grounds.  State Officials' Br. at 17-19.  Defendants Watchung, Somerset County, and Somerset County Jail raise the venue issue as well.  Because the Court shall agree that venue is improper, and transfer is warranted, the Court shall refrain from any jurisdictional or other determinations.

In his Complaint, Plaintiff pleads nothing to support laying venue against any of the remaining Defendants in the District of Columbia.  Between the Complaint and the briefing, it is clear that none of the Defendants resides in the District of Columbia.  All of the Defendants are residents of New Jersey.  *See* 28 U.S.C. § 1391(b)(1); Compl., ECF No. 1, ¶¶ 24-30; Watchung Opp'n at 1; Somerset Opp'n at 2; State Officials' Br. at 17-18.[4]  Plaintiff's few references to the State of New Jersey's activities in, or associated with, the District of Columbia—as a plaintiff in one federal lawsuit and as a signatory to a letter to a federal agency—do not show that any of the Defendants is a resident here.  *See* Pl.'s Resp. & Opp'n at 3, 5-6.

---

[4] The only other Defendant, Jay B. Bohn, was dismissed from this action in part due to his New Jersey residency as well.  *Gage v. Somerset Cty.*, 322 F. Supp. 3d at 56.

10

Nor is there any allegation that "a substantial part of the events or omissions giving rise to the claim[s] occurred, or a substantial part of property that is the subject of the action is situated" in the District of Columbia. 28 U.S.C. § 1391(b)(2). It appears that all of the activities alleged in the Complaint occurred in New Jersey. *See* Compl., ECF No. 1, ¶¶ 31-56.

Despite Plaintiff's inability to avail himself of the first two options under Section 1391(b), Plaintiff cannot resort to the residual opportunity to lay venue in simply any federal district court where personal jurisdiction may lie, for there is a federal district court in which venue would be proper. *See* 28 U.S.C. § 1391(b)(3). Because all of the Defendants are residents of New Jersey, venue is proper in the U.S. District Court for the District of New Jersey. If that were not enough, the District of New Jersey is also the proper venue because a substantial part, if not all, of the alleged events or omissions and the property at issue are located there. Accordingly, the Court finds that venue is improper in the U.S. District Court for the District of Columbia.

In an exercise of its discretion, the Court also finds that it would be in the interest of justice to transfer this case *sua sponte* to the District of New Jersey. *See* 28 U.S.C. § 1406(a). Briefing by these Defendants and Defendant Bohn suggests that Plaintiff is shopping for a forum amenable to claims similar to, and perhaps the same as, those that have been dismissed by courts in New Jersey. *See, e.g.*, *Gage v. Somerset Cty.*, 322 F. Supp. 3d at 57 (indicating that Defendant Bohn collected 11 of the prior cases in New Jersey federal and state courts, as well as Delaware federal court that transferred the case filed there to New Jersey federal court).[5] Plaintiff fails to rebut that inference.

---

[5] While Defendant Bohn's list is extensive, its citations are not the most user-friendly, in part because a number of the cases in that list are state court cases. Nor does that list appear to capture all of the cases that Plaintiff has filed. The following illustrative list of mostly federal court opinions associated with this action was admirably compiled by Judge Jose L. Linares of the U.S. District Court for the District of New Jersey, *Gage v. Provenzano*, No. CV 14-5700, 2016 WL

In some of those prior litigations, New Jersey federal and state courts entered injunctions to prevent Plaintiff, when proceeding *pro se*, from filing any further lawsuits related to the Sleepy Hollow development and/or foreclosure of Plaintiff's adjacent property, without the respective court's leave. *See, e.g.*, *Gage v. Somerset Cty.*, Civil Action No. 3:16-cv-3119-BRM-LHG, 2017 WL 436258, at *1 (D.N.J. Jan. 31, 2017) (collecting cases); *Gage v. N.J. Governor Chris Christie's Admin.*, Civil No. 15-6964 (RBK/JS), 2015 U.S. Dist. LEXIS 127999, at *1-*4 (D.N.J. Sept. 24, 2015) (detailing series of injunctions). Nevertheless, Plaintiff recently sued substantially the same set of defendants in New Jersey federal court for what appears to be the same conduct as he alleges

---

5329596, at *1 (D.N.J. Sept. 21, 2016), and is supplemented by the more recent federal court opinions of which the Court is readily aware: *Gage v. Wells Fargo Bank, N.A., AS*, 555 F. App'x 148 (3d Cir. Jan. 16, 2014), *aff'g* No. 12-777, 2013 WL 3443295 (D.N.J. July 9, 2013); *Gage v. Provenzano*, 571 F. App'x 111 (3d Cir. July 3, 2014), *aff'g* No. 13-2256, 2013 WL 6623924 (D.N.J. Dec. 13, 2013); *Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49 (3d Cir. Mar. 28, 2013), *aff'g* No. 11-862, 2012 WL 715895 (D.N.J. Mar. 5, 2012); *Gage v. Warren Twp. Comm. & Planning Bd. Members*, 463 F. App'x 68 (3d Cir. Mar. 2, 2012), *aff'g* No. 11-1501, 2011 WL 6002510 (D.N.J. Nov. 29, 2011); *Gage v. Wells Fargo Bank, NA*, 450 F. App'x 121 (3d Cir. Nov. 8, 2011), *aff'g* No. 11-862, 2011 WL 4073877 (D.N.J. Sept. 9. 2011); *Gage v. New Jersey*, 408 F. App'x 622 (3d Cir. Nov. 26, 2010), *aff'g* No. 10-2603, slip op. (D.N.J. June 11, 2010); *Gage v. Somerset Cty.*, 322 F. Supp. 3d 53 (D.D.C. 2018); *Gage v. Somerset Cty.*, Civil Action No. 3:16-cv-3119-BRM-LHG, 2017 WL 436258 (D.N.J. Jan. 31, 2017); *Gage v. N.J. Governor Chris Christie's Admin.*, No. 15-6964, 2015 U.S. Dist. LEXIS 127999 (D.N.J. Sept. 24, 2015) (concerning action transferred to the District of New Jersey by No. 15-695, 2015 WL 5545773 (D. Del. Sept. 18, 2015)), *aff'd*, No. 153382, slip op. (3d Cir. Jan. 8, 2016); *Gage v. Provenzano*, No. 14-5700, 2015 WL 2403071 (D.N.J. May 20, 2015), *appeal dismissed*, No. 15-2391, slip op. (3d Cir. Sept. 30, 2015); *Gage v. Miller*, No. 13-6985, 2014 WL 1789653 (D.N.J. May 6, 2014); *Gage v. Christie*, No. 14-2587, slip op. (D.N.J. May 6, 2014); *Gage v. Kumpf*, No. 12-2620, 2012 WL 5630568 (D.N.J. Nov. 15, 2012); *Gage v. Jacobson*, No. 11-6271, 2012 U.S. Dist. LEXIS 49 (D.N.J. Jan. 3, 2012); *Gage v. Twp. of Warren*, No. 09-519, 2009 WL 1635602 (D.N.J. June 10, 2009); *Gage v. Wells Fargo Bank, N.A.*, No. A-5350-13T2, 2016 WL 783055 (N.J. Super. Ct. App. Div. Mar. 1, 2016); *Gage v. Sleepy Hollow of Warren, LLC*, No. A-5679-08T3, 2010 WL 4121555 (N.J. Super. Ct. App. Div. Oct. 18, 2010); and *Gage v. Warren Twp. Planning Bd.*, No. 14-1447, 2015 N.J. Super. Unpub. LEXIS 2512 (N.J. Super. Ct. Law Div. Jan. 16, 2015). Although the Court does not otherwise cite orders of which it is aware, the Court notes that a court in the Southern District of New York denied Plaintiff's motion to transfer one of his cases to that court from the New Jersey federal court. *Gage v. Somerset Cty.*, No. 17-CV-7219 (CM) (S.D.N.Y. Oct. 20, 2017). In addition, the Court notes that today it also decides similar motions to dismiss pending in *Gage v. State of New Jersey*, No. 18-1226 (D.D.C.).

in this suit. The court dismissed each of those claims for lack of subject-matter jurisdiction and/or failure to state a claim. *Gage v. Somerset Cty.*, Civil Action No. 3:16-cv-3119-BRM-LHG, 2017 WL 436258, at *4-*6. Plaintiff chose to appeal to the U.S. Court of Appeals for the Third Circuit, rather than to take the opportunity, given to him by the district court, to amend his complaint within thirty days. Order, *Gage v. Somerset Cty.*, Civil Action No. 3:16-cv-03119-BRM-LHG, at 1 (D.N.J. Dec. 19, 2017), ECF No. 52. Upon affirmance of the district court's decision, the district court found that Plaintiff had lost the opportunity to amend his complaint, and accordingly, the court dismissed his case with prejudice. *Id.* at 2.

That recent New Jersey suit involved Defendants Bohn, Somerset County, Somerset County Jail, Schutta, and Soriano.[6] *Gage v. Somerset Cty.*, Civil Action No. 3:16-cv-3119-BRM-LHG, 2017 WL 436258, at *1. Although Plaintiff evidently did not sue Defendant Watchung in that case, he still alleged actions by the Watchung Police Department that appear to be materially the same as those at issue here. *See id.* at *2; Compl., ECF No. 1, ¶¶ 35-40. And even though Defendant Porrino was not named in that suit either, this case lacks any allegations specifically against him, aside from being "top in command of the involved group of Officers of the State of New Jersey, County and City." Compl., ECF No. 1, ¶ 30. In short, Plaintiff has had his "day in court" regarding any connection between these Defendants and events purportedly stemming from the Sleepy Hollow development.

Plaintiff gives no colorable response to Defendants' comments about his string of prior unsuccessful litigations, nor any valid reason to pursue litigation here. Rather, he perceives that he will not receive justice in the District of New Jersey. Pl.'s Resp. & Opp'n at 4-5. Suspecting an entire district of the federal court system of being unable to dispense justice is an insupportable

---

[6] The other defendant in that action was a New Jersey state court judge.

13

basis for permitting Plaintiff to maintain his suit against Defendants in this Court. The Court finds that it is unnecessary to entertain the remainder of Plaintiff's arguments, none of which affect the Court's decision that venue is not appropriate here and that transfer is in the interest of justice. Although there is no evidence that Plaintiff *mistakenly* thought venue was appropriate here, *see Goldlawr, Inc.*, 369 U.S. at 467, transfer remains appropriate to enable the District of New Jersey to handle this case consistently with Plaintiff's prior litigations.[7]

When a court in the District of Delaware reached the same conclusion in one of Plaintiff's prior forum-shopping attempts, that court recognized the injunctions in New Jersey courts and transferred the case to the District of New Jersey, which dismissed the case *sua sponte* and was affirmed by the Third Circuit. *See Gage v. N.J. Governor Chris Christie's Admin.*, Civ. No. 15-695-LPS, 2015 WL 5545773, at *2-*3 (D. Del. Sept. 18, 2015); *Gage v. N.J. Governor Chris Christie's Admin.*, No. 15-6964, 2015 U.S. Dist. LEXIS 127999 (D.N.J. Sept. 24, 2015), *aff'd*, No. 15-3382, slip op. (3d Cir. Jan. 8, 2016). The Court is also aware that Plaintiff tried unsuccessfully to transfer a case away from the District of New Jersey, and was barred for procedural reasons. When Plaintiff filed his motion to transfer in the purported *transferee* forum, a court in the Southern District of New York rightly denied that improper request for failure to comply with 28 U.S.C. § 1404(a). *Gage v. Somerset Cty.*, No. 17-CV-7219 (CM) (S.D.N.Y. Oct. 20, 2017). Accordingly, this Court shall join others that recognize—for one reason or another—that this case should be resolved in the District of New Jersey.

---

[7] Although the Court granted Defendant Jay B. Bohn's motion to dismiss pursuant to Rule 12(b)(3) and dismissed, rather than transferred, claims against him, the Court now finds that transfer, rather than dismissal, of claims against the remaining Defendants would better honor the injunctions entered by the New Jersey courts. Transfer may also be more appropriate than dismissal, even based on a non-merits threshold issue like venue, because the Court expressly declines to reach the jurisdictional issues raised by State Official Defendants.

14

## IV. CONCLUSION

For the foregoing reasons, and in an exercise of its discretion, the Court **DENIES** Plaintiff's [13] Motion for Default Judgment Against Defendants, **GRANTS** Defendants Porrino's, Schutta's, and Soriano's [18][18-1] Motion to Vacate Default, and **GRANTS as to venue and DENIES WITHOUT PREJUDICE** Defendants Porrino's, Schutta's, and Soriano's [18][18-1] Motion to Dismiss Plaintiff's Complaint raising additional arguments pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

The Court shall **VACATE** the entry of default as to Defendants Porrino, Schutta, Soriano, Watchung, Somerset County, and Somerset County Jail.  The Court also grants Defendants Porrino's, Schutta's, and Soriano's motion pursuant to Rule 12(b)(3) insofar as the Court recognizes improper venue, but denies that motion insofar as the Court shall not dismiss the claims but instead shall, in the interest of justice, **TRANSFER** *sua sponte* all claims against Defendants Porrino, Schutta, Soriano, Watchung, Somerset County, and Somerset County Jail to the U.S. District Court for the District of New Jersey where venue is appropriate.

A copy of this Memorandum Opinion shall be mailed to Plaintiff at his address of record.

An appropriate Order accompanies this Memorandum Opinion.

Dated: March 28, 2019

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge
