**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

THOMAS I. GAGE,

              Plaintiff,

              v.

SOMERSET COUNTY, et al.,

              Defendants.

Civil Action No. 19-9097 (MAS) (ZNQ)

**MEMORANDUM ORDER**

This matter comes before the Court upon Defendant Borough of Watchung's[1] ("Defendant" or "Borough of Watchung") unopposed Motion to Dismiss pro se Plaintiff Thomas I. Gage's ("Plaintiff") Complaint for insufficient service of process and failure to state a claim against an actual party or entity. (ECF No. 47.) The Court has carefully considered Defendant's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Under Federal Rule of Civil Procedure 12(b)(5),[2] a party may file a motion asserting insufficient service of process as a defense. Rule 4 establishes the procedural requirements that must be met for proper service of summons. "If a defendant is not served within [ninety] days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

---

[1] Plaintiff incorrectly named Defendant as "City of Watchung (WPD)." (Compl. ¶ 24, ECF No. 1.)

[2] Unless otherwise noted, all references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

Rule 4(j) governs the process of effecting service upon state governmental organizations, and requires that such parties "must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Furthermore, New Jersey law provides that service on public bodies other than the State shall be made "by serving a copy of the summons and complaint . . . on the presiding officer or on the clerk or secretary thereof." N.J. Stat. Ann. § 4:4-4(a)(8). The presiding officer, clerk, or secretary must be "authorized by appointment or by law to receive service of process on the [public body's] behalf." *Id.* (referencing N.J. Stat. Ann. § 4:4-4(a)(1)).

If a defendant is not served within ninety days after the complaint is filed, a plaintiff may show good cause for the failure, upon which "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). In determining whether a plaintiff demonstrates good cause for failure to properly serve the defendant, a court considers three factors: "(1) [the] reasonableness of [the] plaintiff's effort to serve[:] (2) [the] prejudice to the defendants by lack of timely service[;] and (3) whether [the] plaintiff moved for an [extension] of [the] time to serve." *Scipio v. Vitec Videocom*, No. 15-7776, 2017 WL 2901331, at *3 (D.N.J. July 6, 2017) (quoting *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)). "[T]he primary focus[, however,] is on the plaintiff's reasons for not complying with the time limit in the first place." *MCI Telecomms.*, 71 F.3d at 1097. "When a party moves to dismiss under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity." *Laffey v. Plousis*, No. 05-2796, 2008 WL 305289, at *3 (D.N.J. Feb. 1, 2008) (citation omitted), *aff'd*, 364 F. App'x 791 (3d Cir. 2010). Finally, "[a] pro se plaintiff's ignorance of the requirements of [R]ule 4(m) do[es] not constitute good cause for failure to comply." *Sykes v. Blockbuster Inc./Viacom*,

No. 04-6260, 2006 WL 286785, at *1 (D.N.J. Feb. 3, 2006), *aff'd sub nom.*, *Sykes v. Blockbuster Video*, 205 F. App'x 961 (3d Cir. 2006).

In the instant action, Plaintiff served a copy of the summons and complaint upon Sgt. James Kinock ("Sgt. Kinock") of the Watchung Police Department on February 13, 2018. (Pl.'s Proof of Service *7,[3] ECF No. 8; *see also* Certification of Timothy P. Beck ("Beck Cert.") ¶ 3, ECF No. 47-1.) Plaintiff, however, does not demonstrate that Sgt. Kinock is the "chief executive officer" of the Borough of Watchung, Fed. R. Civ. P. 4(j)(2)(A), or that he was authorized by appointment or law to receive service of process on the Borough of Watchung's behalf, N.J. Stat. Ann. § 4:4-4(a)(8). Furthermore, Plaintiff does not oppose Defendant's Motion,[4] nor did Plaintiff seek an extension of the time to effect service. Plaintiff, therefore, has failed to meet his burden to demonstrate the validity of his service of process on Sgt. Kinock or to demonstrate good cause for his delay. *Scipio*, 2017 WL 2901331, at *3; *Laffey*, 2008 WL 305289, at *3.

"A district court's power to assert in personam authority over parties . . . is dependent not only on compliance with due process[,] but also on compliance with the technicalities of Rule 4." *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993) (emphasis

---

[3] Page numbers preceded by an asterisk refer to the page number on the ECF header.

[4] Plaintiff initially filed the instant matter in the United States District Court for the District of Columbia ("District of Columbia"). (*See generally* Compl.) On August 21, 2018, the Honorable Colleen Kollar-Kotelly, U.S.D.J., issued an order to show cause as to whether Plaintiff properly served Defendant or, alternatively, properly served process upon Defendant. In response, Defendant merely asserted that, because service was made upon an agent of the Watchung Police Department, Defendant was properly serviced. (Order to Show Cause Resp. 10–11, ECF No. 24.) The District of Columbia, however, did not address this issue upon transfer to this Court. (*See generally* Mar. 28, 2019 Mem. Op., ECF No. 30.) Even construing Plaintiff's District of Columbia Order to Show Cause Response as a reply to the instant motion, the Court still finds Plaintiff failed to meet his obligation. *See Sykes*, 2006 WL 286785, at *1 ("A pro se plaintiff's ignorance of the requirements of [R]ule 4(m) do[es] not constitute good cause for failure to comply with the Federal Rules of Civil Procedure.").

omitted). "Notice to a defendant that he has been sued does not cure defective service, and an appearance for the limited purpose of objecting to service does not waive the technicalities of the rule governing service." *Id.* The Court, therefore, finds good cause to dismiss without prejudice Plaintiff's claims against Defendant for insufficient service of process upon a public body.[5]

Accordingly,

IT IS on this 14th day of September 2020 **ORDERED** that:

1.  Defendant's Motion to Dismiss (ECF No. 47) is **GRANTED** in part and **DENIED** in part.

2.  Plaintiff's Complaint (ECF No. 1) is dismissed without prejudice.

3.  The Clerk shall close the case.

4.  Plaintiff may move for an extension of time to effect service of process on Defendant Borough of Watchung in accordance with the Federal Rules of Civil Procedure before the Honorable Zahid N. Quraishi, U.S.M.J., by **October 12, 2020**.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[5] Defendant also moves to dismiss the Complaint for failure to state a claim against an actual party because the "City of Watchung" does not exist. (Beck Cert. ¶¶ 3, 10.) Defendant, however, does not provide any legal basis for this argument. (*See generally id.*) The Court declines to dismiss the Complaint on this ground and denies it as moot.