UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THOMAS I. GAGE,

          Plaintiff,

    v.

SOMERSET COUNTY, *et al.*,

          Defendants.

Civil Action No. 19-9097 (MAS) (ZNQ)

**REPORT & RECOMMENDATION**

This matter comes before the Court upon pro se Plaintiff Thomas I. Gage's ("Plaintiff") Motion to Extend Time to Effectuate Service (the "Motion"). (Mot., ECF No. 51.) Defendant City of Watchung ("Defendant Watchung") opposed, (Def.'s Opp'n, ECF No. 52), and Plaintiff replied, (Pl.'s Reply, ECF No. 53). The Court has carefully considered the issues and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court recommends that Plaintiff's Motion be denied without prejudice.

The parties are aware of the facts of this case. Thus, the Court will only recite those facts necessary for the resolution of the present Motion. This case was originally filed on February 2, 2018 in the District Court for the District of Columbia. (Compl., ECF No. 1.) Plaintiff failed to properly serve Defendant City of Watchung, and the District Court for the District of Columbia issued an order for Plaintiff to "show cause as to whether he has properly served Defendant Watchung, or 2) cause process to be properly served upon Defendant Watchung and proof of service to be filed with the Court, or establish good cause for the failure to do so." (August 21, 2018 Minute Order.) On March 28, 2019, the District Court for the District of Columbia transferred the case to this district (ECF No. 29.) Before transferring the case, the District Court for the District of Columbia dismissed Defendant Jay B. Bohn entirely. (ECF No. 16.) After the case was

transferred, Defendants Somerset County, Somerset County Jail, Christopher S. Porrino, Michael

C. Schutta, and Geoffrey Soriano filed Motions to Dismiss, (ECF Nos. 38 & 39), which the Court

granted, (ECF No. 44). Thus, Defendant Watchung is the only remaining defendant in this case as

of December 31, 2019.  On March 5, 2020, Defendant Watchung, not having been properly served

still, filed a Motion to Dismiss for failure to effectuate service and failure to state a claim against

an actual party. (Mot. to Dismiss, ECF No. 47.) On September 15, 2020, the Court granted in part

and denied in part Defendant Watchung's Motion to Dismiss. (Sept. 15, 2020 Mem. Order, ECF

No. 50.) In its September 15, 2020 Memorandum Order, the Court dismissed Plaintiff's Complaint

for failure to properly effectuate service against Defendant Watchung but gave Plaintiff until

October 12, 2020 to move for an extension of time to effectuate service. (*Id.*) Plaintiff then filed

the instant Motion seeking an extension of time to effectuate service on October 13, 2020. (Mot.)

Federal Rule of Civil Procedure ("Rule") 4(m) states "[i]f a defendant is not served within

90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff

– must dismiss the action without prejudice against that defendant or order that service be made

within a specified time." However, Rule 4(m) also states that "if the plaintiff shows good cause

for the failure, the court must extend the time for service for an appropriate period."  Before the

Court dismisses a complaint for failure to effectuate service, the Court must engage in a two-part

analysis. *Okagbue-Ojekwe v. Fed. Bureau of Prisons*, No. 03-2035, 2010 U.S. Dist. LEXIS 107285

*3-4 (D.N.J. Oct. 7, 2010). "First, the court should determine whether good cause exists for

a time extension. If a plaintiff demonstrates good cause, the time to serve process must be

extended. In the absence of good cause, however, 'the court may in its discretion decide whether

to dismiss the case without prejudice or extend time for service.'" *Id.* (internal citations omitted).

In determining whether good cause exists for Plaintiff's failure to properly effectuate service, a

court should consider three factors: "(1) reasonableness of plaintiff's effort to serve [;] (2) prejudice to the defendants by lack of timely service [;] and (3) whether plaintiff moved for an [extension] of time to serve." *Scipio v. Vitec Videocom*, No. 15-7776, 2017 WL 2901331, at *3 (D.N.J. July 6, 2017) (quoting *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)). "[T]he primary focus is on the plaintiff's reason for not complying with the time limit in the first place." *MCI Telecomms.*, 71 F.3d 1097.

The Court now considers whether Plaintiff has demonstrated good cause for not having served Defendant Watchung. The Court first turns to whether Plaintiff's efforts to serve were reasonable. The Court finds that Plaintiff's efforts have not been reasonable. Since August 21, 2018, when the District Court for the District of Columbia informed Plaintiff of his insufficient service of process, Plaintiff has taken no active steps to properly effectuate service. In his Motion, Plaintiff argues, "Plaintiff does not consent or agrees[sic] that he has not affected service on Defendant Watchung." (Mot. at 4.) Furthermore, Plaintiff fails to understand why his service on Defendant Watchung is insufficient, claiming "after 3 years of pending and active case, Plaintiff is now being asked to reserve ones[sic] again the Defendant Watchung Police Department "WPD" under the name of "Borough of Watchung."" (Mot. at 3.) Considering the Court's detailed instruction in its September 15, 2020 Memorandum Order, where the Court explicitly highlighted Plaintiff's failure to serve a government entity properly because he did not serve the chief executive officer of Defendant Watchung, Plaintiff's efforts cannot be deemed reasonable. (*See* Sept. 15, 2020 Mem. Order at 3.)

Next, the Court turns to the prejudice suffered by Defendant Watchung due to Plaintiff's failure to timely serve. Defendant Watchung argues that it has not been able to present its "ironclad

defenses,"[1] which all the other properly served defendants were able to do earlier on in the litigation and were dismissed. (Def.'s Opp'n at 6.) Defendant Watchung further argues that it had "no obligation or ability to expend public resources to file a motion to dismiss the case on the merits" when it was never served. (*Id.*) Thus, because Plaintiff has not timely served Defendant Watchung, over three years after the other defendants were served, and almost three years after the Court highlighted Plaintiff's failure to properly serve, Defendant Watchung has been unable to pursue its defenses effectively. The Court finds that Defendants have been and continue to be prejudiced by Plaintiff's failure to properly and timely effectuate service.

As to the third factor, whether Plaintiff moved for an extension of time to serve Defendant Watchung, Plaintiff has only now, after the Court's September 15, 2020 Memorandum Order, filed a motion seeking an extension of time to serve Defendant Watchung. As the Court noted above, Plaintiff failed to take any action to properly serve Defendant Watchung after the District Court for the District of Columbia's August 21, 2018 Minute Order, nor any time after the case was transferred to this Court.

Ultimately, Plaintiff has failed to demonstrate good cause for his failure to timely serve Defendant Watchung in accordance with Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 4(j)(2)(A).

---

[1] Defendant Watchung also argues that Plaintiff's Motion is futile because even if Defendant Watchung were properly served, it would secure a successful Motion to Dismiss based on *res judicata* principles, the same which secured dismissal for the other defendants in this case. (Def.'s Opp'n at 6-7.) The Court does not see the need to address the futility argument in this Report & Recommendation. However, the Court does find it relevant to the prejudice Defendant Watchung suffers.

**IT IS** therefore on this 25th day of May 2021,

**RECOMMENDED** that Plaintiff's Motion to Extend the time to Effectuate Service is **DENIED** without prejudice; and it is further

**ORDERED** that the Clerk of the Court send Plaintiff a copy of this Report & Recommendation; and it is further

**ORDERED** that pursuant to Fed. R. Civ. P. 72(b)(2) any party, including Plaintiff, who has an objection to the proposed findings and recommendations set forth herein has **14 days** after being served with a copy of this Report & Recommendation to file specific written objections.

                                                    s/ Zahid N. Quraishi
                                            **ZAHID N. QURAISHI**
                                            **UNITED STATES MAGISTRATE JUDGE**