**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS I. GAGE,<br><br>    Plaintiff,<br><br>    v.<br><br>SOMERSET COUNTY, *et al.*,<br><br>    Defendants. | Civil Action No. 19-9097 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

  This matter comes before the Court on Plaintiff Thomas I. Gage's ("Gage") and Defendant Borough of Watchung's ("Watchung") objections to the Report and Recommendation ("R&R") of the Honorable Zahid N. Quraishi[1] to deny Gage's Motion to extend the time to effectuate service. (ECF Nos. 56, 57.) The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court adopts the R&R.

  Judge Quraishi's R&R concludes that the Court should deny Gage's Motion to extend time to effectuate service without prejudice because he did not demonstrate good cause for failing to serve Watchung, because Watchung would suffer prejudice as a result of Gage's failure to timely serve, and Gage did not timely move for an extension. (R&R 3-4, ECF No. 54.) Gage objects to the R&R, claiming that Judge Quraishi erred in denying his motion because the docket reflects that Watchung was already properly served (ECF Nos. 8, 24) and because the District Court for

---

[1] Judge Quraishi previously served as the Magistrate Judge in this matter.

the District of Columbia accepted his proof of service. (Gage's Objection 2, ECF No. 57.) Watchung objects to Judge Quraishi's without prejudice dismissal and argues that the dismissal should have been with prejudice. (Watchung's Objection 1, ECF No. 56.) This Court addresses the parties' objections in turn.

To begin, Gage's objections to the R&R fail. The Court has already ruled on Gage's current objections regarding service and found them meritless. *See Gage v. Somerset County,* No. 19-9097, 2020 WL 5528597, at *2 (D.N.J. Sept. 15, 2020) (finding that Gage did not "demonstrate that Sgt. Kinock is the 'chief executive officer' of the Borough of Watchung" or "that he was authorized by appointment or law to receive service of process on the Borough of Watchung's behalf."). Gage did not move for this Court to reconsider that ruling. Moreover, this Court declines to relitigate Gage's arguments and reiterates its previous ruling.

The Court also rejects Watchung's objections. Watchung contends that Gage has not shown good cause for why he failed to serve it, and that it will suffer more prejudice if Gage is allowed another attempt to serve. (Watchung's Objection 1, ECF No. 56.) The Federal Rules of Civil Procedure, however, dictate that when a plaintiff fails to timely serve a defendant, the dismissal should be without prejudice. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant[.]"). Nor does Watchung cite to any other authority indicating that a with prejudice dismissal is appropriate.

**IT IS THEREFORE,** on this 21st day of June, 2022 **ORDERED** that:

1. The Court **ADOPTS** the R&R.
2. Plaintiff's Motion to Extend Time to Effectuate Service (ECF No. 51) is **DENIED**.

3. The Court dismisses the Amended Complaint against Watchung without prejudice.

4. Should Gage wish to refile an amended complaint, he must file a motion for leave to file an amended complaint.

                                                                                  MICHAEL A. SHIPP
                                                                                 UNITED STATES DISTRICT JUDGE