**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS I. GAGE,<br><br>           Plaintiff,<br><br>v.<br><br>SOMERSET COUNTY *et al.*,<br><br>           Defendants. | Civil Action No. 19-9097 (MAS) (LHG)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on pro se Plaintiff Thomas I. Gage's ("Gage") Motion for Leave to Amend Complaint. (ECF No. 62.) Defendants Somerset County, Somerset County Jail, Borough of Watchung ("Watchung"), and Jay Bohn, Esq. (collectively, "Defendants") opposed (ECF Nos. 63, 66, 67), and Gage replied (ECF No. 68).[1] The Court has carefully considered the parties' submissions and decides the motion without oral argument under Local Civil Rule 78.1.

Having been here before, the Court incorporates its factual and procedural background section from its prior Memorandum Opinion. *See Gage II*, 2019 WL 11556603, at *1-2. The Court also notes that the Honorable Brian R. Martinotti, U.S.D.J., addressed Gage's nearly identical grievances several years earlier. *Gage v. Somerset Cnty.*, No. 16-3119, 2017 WL 436258, at *1

---

[1] The Court previously dismissed Defendants Somerset County, Somerset County Jail, Christopher Porrino, Geoffrey Soriano, and Michael Schutta from this matter (with prejudice) under the doctrine of *res judicata*. *See Gage v. Somerset Cnty.*, No. 19-9097, 2019 WL 11556603, at *1 (D.N.J. Dec. 31, 2019) ("*Gage II*"). Separately, the Court issued a declaratory judgment that Jay Bohn was dismissed from this action in August 2018—before the case was transferred to this district. (ECF No. 42.)

(D.N.J. Jan. 31, 2017) ("*Gage I*"). This chapter of the Gage saga arises from his February 2016 arrest pursuant to a warrant. *Gage II*, 2019 WL 11556603, at *1. Suing every state actor and entity involved for civil damages, Gage filed suit in federal court and lost. *Gage I*, 2017 WL 436258, at *6. In granting Defendants' motion to dismiss, the district court gave Gage an opportunity to amend his original complaint. *Id.* Gage declined that opportunity and initiated an unsuccessful appeal. *Gage v. Somerset Cnty.*, No. 16-3119 (D.N.J. Dec. 19, 2017), ECF No. 52.

Undeterred, about a year or so later, Gage filed a substantially similar lawsuit before the U.S. District Court for the District of Columbia, which was subsequently transferred to this Court on venue grounds after months of litigation. *Gage v. Somerset Cnty.*, 369 F. Supp. 3d 252, 263 (D.D.C. 2019). With Gage's gamesmanship and abuse of process obvious, this Court dismissed the Complaint against Defendants, with prejudice, on *res judicata* grounds except for Watchung.[2] *Gage II*, 2019 WL 11556603, at *4-5. Shortly after, Watchung moved for dismissal on separate grounds: Gage never properly served it despite numerous opportunities and warnings. (*See generally* Watchung Mot. to Dismiss, ECF No. 47.) The Court agreed and, in September 2020, dismissed the suit against Watchung. *Gage v. Somerset Cnty.*, No. 19-9097, 2020 WL 5528597, at *2 (D.N.J. Sept. 15, 2020) ("*Gage III*") (Gage failed to "seek an extension of the time to effect service" or "demonstrate good cause for his delay"), ECF No. 50. The Court allowed Gage an opportunity to file an amended complaint by October 12, 2020. *Id.* He blew that deadline. (*See* ECF No. 51.) After a foray of additional procedural maneuvers, the Court denied Gage's untimely motion for additional time to serve Watchung and dismissed the suit without prejudice. *Gage v.*

---

[2] Although accused of wrongdoing in the complaint's factual allegations, Watchung was not a party to the original 2016 litigation. *See Gage I*, 2017 WL 436258, at *1.

*Somerset Cnty.*, No. 19-9097, 2022 WL 2223020, at *1 (D.N.J. June 21, 2022) ("*Gage IV*"), ECF No. 60.

Gage is back. Now before the Court is Gage's attempt to rekindle his old lawsuit through an amended complaint. (ECF No. 62.) Because Gage's proposed amended complaint arises out of the same claims, same facts, same parties, and same legal theories that the Court previously dismissed with prejudice nearly three years ago, at least as to Defendants Somerset County, Somerset County Jail, Christopher Porrino, Geoffrey Soriano, and Michael Schutta, the Court denies leave to amend.[3] *Great W. Min. & Min. Co. v. ADR Options, Inc.*, 533 F. App'x 132, 135 (3d Cir. 2013) (affirming denial of leave to amend on *res judicata* grounds). In addition, the Court denies leave to amend against Jay Bohn based on the Court's prior declaratory judgment that the suit was dismissed against him years ago. (ECF Nos. 16, 42.)

Watchung sits in a different posture. Spared from the initial 2016 litigation, Watchung takes issue with Gage's inexplicable failure to effectuate service for years. (*E.g.*, Report & Recommendation 2 ("Since August 21, 2018, when the District Court for the District of Columbia informed [Gage] of his insufficient service of process, [Gage] has taken no active steps to properly effectuate service" against Watchung), ECF No. 54.) Gage now attempts to fix his mistake through an amended complaint. (*See generally* Gage's Mot. to Amend, ECF No. 62.) But for several reasons, the Court denies Gage leave to amend against Watchung.

*First*, the significant and unjustified delay in Gage's service on Watchung generates substantial prejudice should this lawsuit drag on longer. *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 323-24 (S.D.N.Y. 2016) ("[E]ven in light of the possible prejudice to [p]laintiffs, the length

---

[3] Although Gage sprinkles a few new facts here and there in his proposed amended complaint, no doubt exists that it is substantially the same causes of action arising from the same events. (*Compare* Gage's Proposed Am. Compl., ECF No. 62-1, *with* Compl., ECF No. 1.)

3

of their delay and their lack of a justifiable excuse for failing to properly serve [d]efendants warrant dismissal . . . ." (citations omitted)). The underlying arrest occurred in 2016, and Gage was given the opportunity to effectuate service when he initiated his original lawsuit, then again in 2018 when he duplicated his lawsuit in the District of Columbia (*see* ECF No. 1), then again when the district court ordered Gage to show cause as to why service was proper on Watchung (ECF No. 19), and finally yet again when this Court pointed out Gage's service deficiencies (ECF No. 50). Gage failed to do so at every step of the way and remains steadfast that his original form of service was sufficient. (Pl.'s June 8, 2021 Correspondence 2 (arguing that "[i]n this case a [p]olice [o]fficer accepted service"), ECF No. 57.) It was not. *Gage IV*, 2022 WL 2223020, at *1 ("The Court has already ruled on Gage's current objections regarding service and found them meritless."). And because of Gage's delay in service, evidence has grown stale and Watchung's witnesses named in the Complaint have since retired. (Watchung Opp'n Br. 4; *see also Richardson v. United White Shipping Co.*, 38 F.R.D. 494, 495 (N.D. Cal. 1965) (finding prejudice when a defendant was not served for 40 months after date of incident (and 28 months from the filing of a lawsuit)).) The unjustified delay in service weighs against allowing Gage leave to amend his Complaint. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility.").

*Second*, and more fatal, amendment to the Complaint would be futile. *Douglas v. United States*, 285 F. App'x 955, 956 n.1 (3d Cir. 2008) (district courts have "discretion to deny leave to amend if such amendment would be futile"). For starters, although not a named party in the original 2016 lawsuit, Watchung police are described in the Complaint as perpetrating the alleged wrongdoing and Watchung is closely related to the various state actors that spurred the initial suit.

4

*Gage I*, 2017 WL 436258, at *2 (Gage identifying the Watchung police department as the arresting agency and subsequently suing Somerset public officials and jails). Generally, a plaintiff is barred from raising the same cause of action predicated on the same event after dismissal simply by adding new defendants. *Gambocz v. Yelencsics*, 468 F.2d 837, 842 (3d Cir. 1972) (concluding that "the relationship of the additional parties to the second complaint was so close to parties to the first that the second complaint was merely a repetition of the first cause of action and, therefore, it is barred by application of the *Bruszewski* doctrine." (citing *Bruszewski v. United States*, 181 F.2d 419 (3d Cir. 1950)). To be sure, Gage faces an even bigger problem: his amended complaint is futile because he fails to state a claim against Watchung, just as he did against all other Defendants. As explained by the district court in the 2016 lawsuit, Gage's false arrest, kidnapping, and malicious prosecution claims fail either because Gage lacks standing (kidnapping) or the existence of probable cause defeats his actions (malicious prosecution, false imprisonment, and false arrest).[4]

---

[4] Judge Martinotti's Memorandum Opinion detailed the shortcomings of Gage's lawsuit against the remaining defendants. *See Gage I*, 2017 WL 436258, at *4-6. For example, the district court found that Gage, a private citizen, lacks standing to bring a kidnapping claim. *Id.* at *5-6 (citing, among others, *Bey v. Clementon Elementary Sch./Dist.*, No. 10-5609, 2011 WL 2973772, at *5 (D.N.J. July 21, 2011) ("[B]ecause kidnapping is not a civil offense under the law of New Jersey, this Court lacks jurisdiction over [p]laintiff's kidnapping claim.")). Similarly, it found that the false imprisonment and false arrest claims fail because there was a valid arrest warrant. *Id.* (citing, among others, *James v. City of Wilkes-Barre*, 700 F.3d 675, 683 (3d Cir. 2012)). Along those same lines, Gage's malicious prosecution claim cannot stand because law enforcement had probable cause to arrest Gage. *Id.* (citing *Lind v. Schmid*, 337 A.2d 365, 369 (N.J. 1975)). Because those legal conclusions hold equal force in determining that Gage's claims are meritless against Watchung, the Court incorporates the reasoning of Judge Martinotti's prior decision. It is also of no consequence that the underlying court documents and arrest warrant, attached to Gage's original Complaint, are not attached to the proposed amended complaint. (*Compare* Compl. Exs. A-G, ECF No. 1, *with* Proposed Am. Compl.) Because Gage relies on these documents and already filed them in this suit, the Court may consider them. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426 ("A document integral to or explicitly relied upon in the complaint may be considered." (internal quotation and citation marks omitted)).

*Id.* Thus, because the Watchung officials acted under a valid warrant, the claims in Gage's amended complaint arising from his arrest and detention are futile and may not reignite this suit.

**IT IS**, on this 6th day of September 2022, **ORDERED** as follows:

1. The Clerk of the Court shall reopen this matter for the purposes of this Memorandum Order only.

2. Gage's Motion for Leave to Amend Complaint (ECF No. 62) is **DENIED**.

3. Gage's Motion for In-Person Oral Argument (ECF No. 68) is **DENIED** as moot.

4. The Clerk shall close this case.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE