**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THOMAS I. GAGE,

            Plaintiff,

v.

SOMERSET COUNTY *et al.*,

            Defendants.

Civil Action No. 19-9097 (MAS) (TJB)

**MEMORANDUM ORDER**

**SHIPP, District Judge**

    This matter comes before the Court upon Plaintiff Thomas I. Gage's ("Plaintiff") Motion to Vacate. (ECF No. 75.) Defendants Somerset County, Somerset County Jail, Jay B. Bohn, Esq., Christopher S. Porrino, Geoffrey Soriano, and Michael C. Schutta (collectively, "Defendants") opposed (ECF Nos. 76, 78, 79), and Plaintiff did not reply. The Court has carefully considered the parties' submissions and decides the Motion without oral argument under Local Civil Rule 78.1. For the reasons set forth herein, the Court denies Plaintiff's Motion.

    The Court understands Plaintiff's instant Motion as a request to vacate its September 6, 2022 Order ("Sept. 6 Order") (ECF No. 69) denying Plaintiff's prior motion for leave to file an amended complaint. (ECF No. 62).[1] The instant Motion states that it is brought under Federal Rule

---

[1] To the extent Plaintiff's Motion is also intended to vacate the Third Circuit's March 3 Order (ECF No. 73) affirming the District Court's Sept. 6 Order, the Court does not have jurisdiction to hear the matter. *See Green Tree Serv., LLC v. Cargille*, No. 15-938, 2019 WL 6135442, at *2 (D.N.J. Nov. 19, 2019) (explaining that, in accordance with Third Circuit Local Appellate Rule 107.2, district courts cannot "rule on an order issued by the Third Circuit.")

of Civil Procedure 60(d)(3)[2] based on "fraud upon the Court." (*See* ECF No. 75.) "Rule 60(d) permits a court to entertain an independent action to relieve a party from a judgment in order to 'prevent a grave miscarriage of justice.'" *Jackson v. Danberg*, 656 F.3d 157, 166 (3d Cir. 2011) (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)).

A district court may only review a Rule 60 motion "based on matters that came to light after the appellate court has issued a decision." *Reardon v. Zonies*, No. 15-8597, 2020 WL 620218, at *1 (D.N.J. Feb. 10, 2020) (applying the reasoning to both Rule 60(b) and Rule 60(d) motions) (quoting *Bernheim v. Jacobs*, 144 F. App'x 218, 222 (3d Cir. 2005)). When reviewing a Rule 60 motion brought following an appeal, this Court is "without jurisdiction to alter the mandate of [the appellate court] on the basis of matters included or includable in the party's prior appeal." *Id.* (applying this reasoning to both Rule 60(b) and Rule 60(d) motions) (quoting *Bernheim*, 144 F. App'x at 222 (internal quotations omitted)).

Here, Plaintiff requests the Court to do precisely what it cannot. Plaintiff's primary argument—that judgments against him were entered on the basis of forged documents—persists through his many filings and many cases. (*See* Mot. Am. Compl. 2-3, ECF No. 62 (arguing fraud on the court based on "court's records such as forged Sheriff's [d]eeds, [and] bogus and forged state court orders"); Mem. in Support of Compl. 6, ECF No. 40 (requesting that the Court convert Plaintiff's civil case to a criminal case based on fraud on the Court); Resp. to Court Order 13, ECF No. 24 ("[I]t is obvious . . . that the signature on [the state court order] is not of Yolanda Ciccone and therefore is a forged and bogus court order.").) Plaintiff presented this same issue to the Third Circuit in his appeal. (Not. Of Appeal 2, ECF No. 71 (citing to Defendants unlawful actions

---

[2] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

2

including fraud).) After the Third Circuit denied Plaintiff's appeal and affirmed the Court's Order (*see* ECF Nos. 73, 74), the Court no longer had jurisdiction over the matter.

Accordingly,

**IT IS** on this 20th day of June 2023, **ORDERED** as follows:

1. Plaintiff's Motion to Vacate (ECF No. 75) is **DENIED**.

/s/ M. A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**